**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Stanley Jones,<br><br>                 Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>                 Respondents. | No. CV 09-926-PHX-DGC (JRI)<br><br>**ORDER** |

Petitioner Arthur Stanley Jones seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Magistrate Judge Jay R. Irwin filed a Report and Recommendation ("R&R") that the motion and certificate of appealability be denied. Doc. 22. Petitioner objects to the R&R and does not request oral argument. Doc. 27. For the reasons that follow, the Court will accept the R&R and deny the motion.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. *See* § 636(b)(1)(c); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner does not object to the R&R's recitation of facts, and therefore the Court will adopt it summarily. Petitioner was convicted under Arizona law of 17 counts of sexual exploitation of a minor due to his possession of seventeen images of child pornography

1  downloaded from the internet. Doc. 22 at 2. Petitioner was sentenced to 408 years in prison
2  – i.e., 17 consecutive sentences of 24 years each – on January 3, 2000. *Id.* Petitioner filed
3  two petitions for post-conviction relief in State court to no avail. *Id.* One of his arguments
4  was that the prosecution failed to prove the pictures were of actual children as opposed to
5  computer-generated or "morphed" images. *Id.* The Arizona Court of Appeals rejected the
6  argument, noting that the pictures themselves were sufficient evidence and that Petitioner's
7  trial counsel had stipulated that they depicted children. *Id.* at 2-3. On April 30, 2009,
8  Petitioner filed for habeas relief. Doc. 1.

9  The R&R concluded that the habeas petition is time-barred under 28 U.S.C.
10 § 2244(d)(1) and that neither statutory tolling nor equitable tolling would save the petition.
11 Doc. 22 at 5, 8-16. The R&R did not reach the exhaustion and procedural default issues in
12 the case, nor did the R&R address the substantive merits of Petitioner's seven constitutional
13 claims.[1] *Id.* at 4, 17. Petitioner makes several specific objections to the R&R: (1) the time
14 at which his state conviction became final was incorrectly decided (Doc. 27 at 2-3); (2) he
15 was delayed in discovering the factual predicate for his claims due to his status as an indigent
16 *pro se* litigant, his lack of knowledge of the habeas statute of limitations, and the lack of a
17 law library at his prison (*id.* at 4); (3) he is entitled to habeas relief due to a change in law
18 that made the statute under which he was convicted unconstitutional (*id.* at 5-6); (4) he is
19 entitled to statutory and equitable tolling because he was not aware of the one-year statute
20 of limitations for habeas petitions, he is a *pro se* litigant, he was not given notice of timing
21 requirements, and he exercised reasonable diligence upon learning of these requirements (*id.*
22 at 17-23); and (5) his claim of actual innocence entitles him to a review on the merits (*see*
23 *id.* at 23).

24 The Court has reviewed Petitioner's arguments *de novo* in light of his specific

---

[1] Petitioner's grounds for habeas relief are: (1) actual innocence and miscarriage of justice; (2) sufficiency of the evidence; (3) Brady violation and miscarriage of justice; (4) significant change in the law and unconstitutional conviction; (5) ineffective assistance of counsel; (6) prosecutorial misconduct and omission of jury instructions; and (7) illegal sentence. Doc. 22 at 4.

- 2 -

objections. The Court has independently reached the conclusion that Petitioner's arguments lack merit for the same reasons as presented in the well-reasoned R&R. Therefore, the R&R will be accepted.

The Court also notes a key theme running through Petitioner's objection: namely that *State v. Hazlett*, 73 P.3d 1258 (Ariz. App. 2003), changed Arizona law in such a way that Petitioner would not have been convicted had *Hazlett* been applied in his case. *See* Doc. 27. This is an argument on the merits of habeas relief. To qualify for a review on the merits, however, Petitioner must first establish that his petition was timely. 28 U.S.C. § 2244(d). Having accepted the R&R above, this Court holds that Petitioner has failed to submit a timely petition for habeas relief and has not established that his untimeliness is excusable. Accordingly, the petition for habeas relief will be denied as untimely. Moreover, a certificate of appealability will be denied because Petitioner has not made a substantial showing that denying the petition as untimely under these facts would deny him a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS ORDERED:**

1   The R&R (Doc. 22) is **accepted**.

2.   The petition for writ of habeas corpus (Doc. 1) is **denied**.

3.   A certificate of appealability is **denied**.

DATED this 2nd day of May, 2011.

David G. Campbell
United States District Judge

- 3 -